**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Baughman, | ) | No. 09-1285-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Interval International, Inc., | ) | |
| Defendant. | ) | |

  Currently pending before the Court is Defendant Interval International, Inc.'s Motion in the Alternative to: (1) Strike and Dismiss; (2) Dismiss for Failure to State a Claim; (3) Dismiss for Improper Venue; or (4) Set an Evidentiary Hearing to Determine Venue, (Doc. 18), and Consolidated: (1) Motion to Strike/Dismiss Plaintiff's Statements of Claims; (2) Reply in Support of Motion to Strike or, in the Alternative, Dismiss; and (3) Objection to Request for Production of Documents, (Doc. 22), and Plaintiff Michael Baughman's Consolidated: (1) Motion to Allow Plaintiff's Statement of Claims to be Submitted Without Further Denial by the Defendants; (2) Motion to Allow and Objection of the Location due to Financial and Physical Reasons; (3) Motion to Start a Claim by Defendants or Allow Further requests by the Plaintiff for Production of Documents by the Defendants in so to Allow the Plaintiff's Case to be Tried in Arizona Courts; and (4) Motion for Complaint to be Decided in Favor of Plaintiff Before a Court Date to Procedural Breachs [sic] by the

Defendants. (Doc. 23). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

I.  BACKGROUND

Plaintiff filed this action on July 10, 2009, (Doc. 1). On July 30, 2009, Defendant filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Doc. 6). Defendant argued that the forum selection clause contained in its vacation exchange program membership terms and conditions required that Plaintiff file this action in a state or federal court located in Miami-Dade County, Florida. Plaintiff did not deny the existence of the forum selection clause in his response to Defendant's motion to dismiss; he argued that it should not apply to him. (Doc. 8). On January 27, 2010, this Court entered its Order granting Defendant's Motion to Dismiss, but without prejudice. (Doc. 15) The Order discussed the Ninth Circuit's decision in Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133 (9th Cir. 2004), as it relates to forum selection clauses and suggested that Plaintiff, if he chose to file an amended complaint, should supplement it with affidavits showing that his "alleged financial and physical disabilities limit his 'ability to litigate in the forum selected by the contract.'" (Doc. 4, p.5). The Order also stated that if Plaintiff did not include such affidavits, the Court "will have no choice but to grant, with prejudice, any future 12(b)(3) Motion to Dismiss filed by Defendant." (Id. at 6.). The Order further required Plaintiff to file his "amended complaint . . . within ten days of the receipt of this order." (Id.).

On February 2, 2010, Plaintiff filed his Response to Court Order, explaining why the forum selection clause should not be enforced. (Doc. 16). Attached to this filing, was Plaintiff's sworn affidavit, setting forth his various medical problems. The next day, Plaintiff filed a document entitled Supportive Evidence for Assertions of Physical and Financial Disability, which included the same sworn affidavit, a credit report, and a doctor's report. (Doc. 13). On February 19, 2010, Defendant filed its Motion in the Alternative to: (1) Strike and Dismiss; (2) Dismiss for Failure to State a Claim; (3) Dismiss for Improper Venue; or (4) Set an Evidentiary Hearing to Determine Venue. (Doc. 18). Among other things, in this motion, Defendant argued that this case must be dismissed because Plaintiff failed to filed

an amended complaint. Shortly thereafter, on February 20, 2010, Plaintiff filed a document captioned Statement of Claims, setting forth the amount of compensatory damages to which Plaintiff believes he is entitled. (Doc. 20). On March 1, 2010 Plaintiff responded to Defendant's Motion to Dismiss.. (Doc. 19). On March 8, Defendant filed its Consolidated: (1) Motion to Strike/Dismiss Plaintiff's Statements of Claims; (2) Reply in Support of Motion to Strike or, in the Alternative, Dismiss; and (3) Objection to Request for Production of Documents, (Doc. 22). Plaintiff responded on March 24, 2010, filing his Consolidated: (1) Motion to Allow Plaintiff's Statement of Claims to be Submitted Without Further Denial by the Defendants; (2) Motion to Allow and Objection of the Location due to Financial and Physical Reasons; (3) Motion to Start a Claim by Defendants or Allow Further requests by the Plaintiff for Production of Documents by the Defendants in so to Allow the Plaintiff's Case to be Tried in Arizona Courts; and (4) Motion for Complaint to be Decided in Favor of Plaintiff Before a Court Date to Procedural Breachs [sic] by the Defendants. (Doc. 23).

II. DISCUSSION

The Court turns first to Defendant's Motion in the Alternative to: (1) Strike and Dismiss; (2) Dismiss for Failure to State a Claim; (3) Dismiss for Improper Venue; or (4) Set an Evidentiary Hearing to Determine Venue. (Doc. 18). Defendant first argues that this Court should strike Plaintiff's post-dismissal submissions to the Court and dismiss this case because Plaintiff failed to comply with the Court's Order. More specifically, Defendant asserts that Plaintiff's filings entitled Response to Court Order and Supportive Evidence for Assertions of Physical and Financial Disability do not constitute an amended complaint under Federal Rules of Civil Procedure 7(a) and 15 and, therefore, do not comply with this Court's first motion-to-dismiss Order.

Defendant's position is correct. While the Court must construe pleadings liberally in favor of pro-se litigants, they are still bound by the rules of civil procedure. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); Romero v. Citibank USA, N.A., 551 F. Supp. 2d 1010, 1016 (E.D. Cal. 2008) ("[D]espite the liberal pleading standards afforded to pro se litigations, adherence to the Federal Rules of Civil Procedure and Local Rules still apply.").

None of the documents submitted by Plaintiff in response to this Court's dismissal Order, viewed separately or together, can be considered an amended complaint. These documents do not include a jurisdictional statement, a statement of claims for relief, the recitation of facts that could form the foundation of claims or such claims, or a demand for relief. Accordingly, the Court has no choice but to dismiss Plaintiff's case.

Once again, however, this dismissal will be without prejudice and with leave to re-file. The documents filed by Plaintiff appear to be a good faith, albeit unsuccessful, attempt to comply with the Court's previous Order. They were filed timely, and demonstrate that he read the Court's Order and is taking seriously his obligations and responsibilities as a litigant. It appears, however, that Plaintiff simply did not understand the procedural implications of the dismissal; namely that it rendered the Complaint Plaintiff filed on June 15, 2009, (Doc. 1), non-existent, and that in order to comply with the Court's Order, he needed to file a new complaint[1], as if initiating the lawsuit from scratch, in addition to any other documents or attachments that support his claims (such as the documents he filed in response to the Court's dismissal Order). Given the public policy favoring disposition of cases on their merits, the Courts finds it would be inequitable to deny Plaintiff his day in court based merely on what appears to be a misunderstanding. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995). Accordingly, Plaintiff shall have ten days from the filing date of this Order to file an amended complaint that complies with all applicable rules and this Court's Order of January 27, 2010, (Doc. 15).

If Plaintiff elects to file an amended complaint, the Court reminds him, as it does most pro-se litigants, that Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and

---

[1] Because the Court did not address the substance of Plaintiff's Complaint in its first dismissal order, Plaintiff may re-file the same exact document, so long as he changes its caption to reflect that it is his First Amended Complaint. Plaintiff, however, is not bound to file a duplicate of his original complaint and, before re-filing, may make any changes to it he deems necessary and which might allow it to survive a motion to dismiss.

> plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

And to avoid dismissal, Plaintiff must:

> make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, [Plaintiff] must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of [Plaintiff's] rights, and what specific injury [Plaintiff] suffered because of the other person's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by [Plaintiff] must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Kennedy v. Andrews, 2005 WL 3358205, *3 (D. Ariz. 2005).

**Accordingly,**

**IT IS HEREBY ORDERED** granting without prejudice Defendant's Motion in the Alternative to: (1) Strike and Dismiss; (2) Dismiss for Failure to State a Claim; (3) Dismiss for Improper Venue; or (4) Set an Evidentiary Hearing to Determine Venue. (Doc. 18).

**IT IS FURTHER ORDERED** that Plaintiff shall have ten days from the filing date of this Order to file an amended complaint, in compliance with this Order and the Court's Order of January 27, 2010, (Doc. 15).

**IT IS FURTHER ORDERED** denying as moot Defendant's Consolidated: (1) Motion to Strike/Dismiss Plaintiff's Statements of Claims; (2) Reply in Support of Motion to Strike or, in the Alternative, Dismiss; and (3) Objection to Request for Production of Documents. (Doc. 22).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Consolidated: (1) Motion to Allow Plaintiff's Statement of Claims to be Submitted Without Further Denial by the Defendants; (2) Motion to Allow and Objection of the Location due to Financial and Physical Reasons; (3) Motion to Start a Claim by Defendants or Allow Further requests by the Plaintiff for Production of Documents by the Defendants in so to Allow

the Plaintiff's Case to be Tried in Arizona Courts; and (4) Motion for Complaint to be Decided in Favor of Plaintiff Before a Court Date to Procedural Breachs [sic] by the Defendants. (Doc. 23).

DATED this 9th day of July, 2010.

*Mary H. Murguia*
United States District Judge