**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Baughman, | ) | No. CV 09-1285-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Interval International, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Currently pending before the Court is Plaintiff Michael Baughman's Motion for Extension of Time. (Doc. 28). Having considered Plaintiff's motion, the Court issues the following Order.

I.      BACKGROUND

Plaintiff filed this action on July 10, 2009, (Doc. 1). On July 30, 2009, Defendant filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Doc. 6). Defendant argued that the forum selection clause contained in its vacation exchange program membership terms and conditions required that Plaintiff file this action in a state or federal court located in Miami-Dade County, Florida. Plaintiff did not deny the existence of the forum selection clause in his response to Defendant's motion to dismiss; he argued that it should not apply to him. (Doc. 8). On January 27, 2010, this Court entered its Order granting Defendant's Motion to Dismiss, but without prejudice. (Doc. 15) The Order discussed the Ninth Circuit's decision in Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133 (9th

1  Cir. 2004), as it relates to forum selection clauses and suggested that Plaintiff, if he chose to
2  file an amended complaint, should supplement it with affidavits showing that his "alleged
3  financial and physical disabilities limit his 'ability to litigate in the forum selected by the
4  contract.'" (Doc. 4, p.5). The Order also stated that if Plaintiff did not include such
5  affidavits, the Court "will have no choice but to grant, with prejudice, any future 12(b)(3)
6  Motion to Dismiss filed by Defendant." (Id. at 6.). The Order further required Plaintiff to
7  file his "amended complaint . . . within ten days of the receipt of this order." (Id.).

8  On February 2, 2010, Plaintiff filed his Response to Court Order, explaining why the
9  forum selection clause should not be enforced. (Doc. 16). Attached to this filing, was
10 Plaintiff's sworn affidavit, setting forth his various medical problems. The next day, Plaintiff
11 filed a document entitled Supportive Evidence for Assertions of Physical and Financial
12 Disability, which included the same sworn affidavit, a credit report, and a doctor's report.
13 (Doc. 13). On February 19, 2010, Defendant filed its Motion in the Alternative to: (1) Strike
14 and Dismiss; (2) Dismiss for Failure to State a Claim; (3) Dismiss for Improper Venue; or
15 (4) Set an Evidentiary Hearing to Determine Venue. (Doc. 18). Among other things, in this
16 motion, Defendant argued that this case must be dismissed because Plaintiff failed to file an
17 amended complaint. Shortly thereafter, on February 20, 2010, Plaintiff filed a document
18 captioned Statement of Claims, setting forth the amount of compensatory damages to which
19 Plaintiff believes he is entitled. (Doc. 20). On March 1, 2010 Plaintiff responded to
20 Defendant's Motion to Dismiss.. (Doc. 19). On March 8, Defendant filed its Consolidated:
21 (1) Motion to Strike/Dismiss Plaintiff's Statements of Claims; (2) Reply in Support of
22 Motion to Strike or, in the Alternative, Dismiss; and (3) Objection to Request for Production
23 of Documents, (Doc. 22). Plaintiff responded on March 24, 2010, filing his Consolidated:
24 (1) Motion to Allow Plaintiff's Statement of Claims to be Submitted Without Further Denial
25 by the Defendants; (2) Motion to Allow and Objection of the Location due to Financial and
26 Physical Reasons; (3) Motion to Start a Claim by Defendants or Allow Further requests by
27 the Plaintiff for Production of Documents by the Defendants in so to Allow the Plaintiff's
28 Case to be Tried in Arizona Courts; and (4) Motion for Complaint to be Decided in Favor

1  of Plaintiff Before a Court Date to Procedural Breachs [sic] by the Defendants. (Doc. 23).

2  On July 12, 2010, this Court issued an Order dismissing Plaintiff's claim, but, once
3  again, without prejudice. In so doing, the Court explained:

> The documents filed by Plaintiff appear to be a good faith, albeit unsuccessful, attempt to comply with the Court's previous Order. They were filed timely, and demonstrate that he read the Court's Order and is taking seriously his obligations and responsibilities as a litigant. It appears, however, that Plaintiff simply did not understand the procedural implications of the dismissal; namely that it rendered the Complaint Plaintiff filed on June 15, 2009, (Doc. 1), non-existent, and that in order to comply with the Court's Order, he needed to file a new complaint, as if initiating the lawsuit from scratch, in addition to any other documents or attachments that support his claims (such as the documents he filed in response to the Court's dismissal Order). Given the public policy favoring disposition of cases on their merits, the Courts finds it would be inequitable to deny Plaintiff his day in court based merely on what appears to be a misunderstanding. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995).

(Doc. 27, p.4). On July 12, the Court went on to order that Plaintiff must file an amended complaint within ten days of the filing date of the Court's Order. (Id., p. 5). On August 2, 2010, Plaintiff filed the instant Motion for Extension of Time. (Doc. 28). Defendant responded in opposition two days later, on August 4, 2010.

II.   DISCUSSION

Plaintiff did not comply with the Court's Order. To this date, he has not filed an amended complaint. In the instant motion, which Plaintiff filed after his amended complaint was due, Plaintiff requests a thirty day extension of time so that he can secure counsel to assist him in this matter. The only excuse Plaintiff offers, however, for missing the Court's deadline is that he was out of town for a family reunion from July 12 until July 29th and, as a result, did not see that Court's Order until he returned home.

The Court finds that Plaintiff's reason for missing the filing deadline does not merit an extension. By electing to proceed as a pro-se litigant, Plaintiff assumed certain responsibilities, including complying with the Court's orders and the rules of civil procedure. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Under no circumstances would this Court grant an identical motion for an extension if filed by a represented party, thus it cannot accommodate Plaintiff. If Plaintiff knew he was going to be out of town and would,

1  therefore, be unable to receive court documents, he should have notified the Court so
2  alternative arrangements could be made.  As with all litigants, the Court would likely have
3  been willing to accommodate Plaintiff's schedule.

4  As Plaintiff himself acknowledges, this Court has been more than understanding of
5  Plaintiff's status as a pro-se litigant, giving him not one, but two opportunities to cure
6  deficiencies in his Complaint.  The Court's patience, however, is not inexhaustible and it
7  will not grant Plaintiff's request for a further extension of time.

8  **Accordingly,**

9  **IT IS HEREBY ORDERED** denying Plaintiff's Motion for an Extension of Time.
10 (Doc. 28).

11 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
12 accordingly.

13 DATED this 22nd day of August, 2010.

_____
Mary H. Murguia
United States District Judge